Electronically Filed - Jefferson - October 29, 2019 - 10:16 AM

IN THE CIRCUIT COURT OF JEFFERSON COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| In Re the Matter of: | ) | |
| | ) | |
| DEBORAH MOSES, | ) | |
| Individually, and as Next Friend of | ) | |
| MIRIAM MOSES, | ) | |
| a Minor, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | |
| MICHELE A. HILL | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JEFFREY DEAN PYRTLE | ) | |
| (individually and DBA T & J TOWING) | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| Serve to: | ) | |
| MICHELE A. HILL | ) | |
| 4166 Wilkinson Road | ) | |
| De Soto, Missouri 63020 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| JEFFREY DEAN PYRTLE | ) | |
| 4027 Wilkinson Road | ) | |
| De Soto, Missouri 63020 | ) | |
| | ) | |

**PETITION**

COMES NOW, Plaintiff, Deborah Moses, individually, and Minor Petitioner, Miriam

Moses, by her Next Friend, Deborah Moses, by and through counsel, Adam G. Grayson of the

Law Office of Grayson & Grayson, LLC, and hereby states as follows:

1

**EXHIBIT 2**

## FACTS COMMON TO ALL COUNTS

1.    At all times relevant herein, Deborah Moses was and is a resident of Crawford County, State of Missouri.

2.    At all times relevant herein, Miriam Moses was and is a resident of Crawford County, State of Missouri.

3.    At all times relevant herein and upon information and belief, Michele A. Hill was and is a resident of Jefferson County, State of Missouri, currently residing at 4166 Wilkinson Road, De Soto, Missouri.

4.    At all times relevant herein and upon information and belief, T&J Towing was and is a business operating at 606 Flucom Road, De Soto, Missouri.

5.    At all times relevant herein and upon information and belief, Jeffery Dean Pyrtle was and is a resident of Jefferson County, State of Missouri currently residing at 4027 Wilkinson Road, De Soto, Missouri.

6.    At all times relevant herein and upon information and belief, Jeffery Dean Pyrtle owns and operates T & J Towing, and was doing business as T & J Towing.

7.    At all times relevant herein and upon information and belief, Ms. Hill was and is a tow truck driver performing such services in the State of Missouri and was and is an employee of Jeffery Dean Pyrtle d.b.a. T&J Towing.

8.    That at all times material hereto MO-21 was and is an open and public road in Jefferson County, State of Missouri.

9.    That on or about September 21, 2019, Defendant Hill was operating a motor vehicle traveling northbound on MO-21.

2

Electronically Filed - Jefferson - October 29, 2019 - 10:16 AM

10.     The vehicle Defendant was operating at the time of the wreck on September 21, 2019 was owned by Jeffery Dean Pyrtle d.b.a. T & J Towing.

11.     That Plaintiffs were passengers in the motor vehicle owned and operated by Defendants.

12.     The vehicle owned by Defendant Pyrtle and being driven by Defendant Hill on September 21, 2019 went off the road and rolled repeatedly until it slammed into a tree pinning the Plaintiffs.

13.     This is a civil action filed under Missouri state law seeking damages against Defendant for acts that occurred in the State of Missouri that caused injury to Plaintiff.

14.     Venue is proper in this Court pursuant to Section 508.010, RSMo, as the acts and/or omissions giving rise to Plaintiffs claims occurred in Jefferson County, Missouri.

## COUNT I:  NEGLIGENCE AGAINST DEFENDANT MICHELE HILL

15.     Plaintiff incorporates the above paragraphs of this Petition as if fully set forth herein.

16.     That Defendant Hill failed to maintain proper and prudent control of her vehicle, failed to operate the vehicle in a careful and prudent manner, failed to exercise the highest degree of care, failed to stay on the highway, and had an improper lane usage.

17.     That Defendant Hill failed to keep her eyes on the road and drove the vehicle off the right side of the roadway, where it overturned and struck a tree.

18.     Upon information and belief, that Defendant Hill failed to have appropriate licensure, training, and experience.

19.     That as a result of Defendant Hill's negligence, Plaintiffs were injured.

3

Electronically Filed - Jefferson - October 29, 2019 - 10:16 AM

20.    That Defendant Hill's actions were the direct and proximate cause of Plaintiffs' injuries, in that Defendant was driving the vehicle in which Plaintiffs were passengers, was distracted/inattentive, failed to maintain a proper lookout, failed to exercise the highest degree of care, failed to stay on the highway, had an improper lane usage and failed to keep and maintain proper and prudent care and control of the vehicle.

21.    That as a direct and proximate result of Defendant Hill's actions and inactions Plaintiffs sustained bodily injury, underwent medical treatment, and incurred medical expenses.

22.    That as a direct and proximate result of Defendant Hill's actions and inactions Plaintiffs will require future medical treatment.

23.    That as a direct and proximate result of Defendant Hill's actions and inactions Plaintiffs experienced pain and suffering.

24.    That as a direct and proximate result of Defendant Hill's actions and inactions Plaintiffs suffered emotional damages.

25.    That as a direct and proximate result of Defendant Hill's actions and inactions Plaintiff Deborah Moses sustained a loss of wages, loss of earning capacity, and further economic damages.

26.    That as a direct and proximate result of Defendant Hill's actions and inactions Plaintiff suffered damages in excess of $25,000.00.

WHEREFORE, Plaintiffs pray for judgment against Defendant Hill in a sum to be found reasonable by a jury upon the trial of this case in excess of $25,000.00, together with their costs of this action and any additional relief as may seem to the court to be just in the premises. Plaintiffs demand a trial by jury of all counts and causes of action in this Petition.

4

**COUNT II:  NEGLIGENCE PER SE AGAINST DEFENDANT MICHELE HILL**

27.     Plaintiff incorporates the above paragraphs of this Petition as if fully set forth herein.

28.     That on or about September 21, 2019, Defendant Hill failed to obey the traffic laws of the State of Missouri in violation of Sections 302.700-302.780, 304.012, and 304.015.

29.     Upon information and belief Defendant Hill failed to comply with Missouri laws including those regulating commercial vehicles and commercial driver's license.

30.     That as a direct and proximate result of Defendant Hill's failure to comply with Missouri laws including those regulating commercial vehicles and commercial driver's license, Defendant Hill was without adequate training and experience, thereby resulting in injury to the Plaintiffs.

31.     That as a direct and proximate result of Defendant Hill's failure to follow the law, Defendant's vehicle in which Plaintiffs were passengers left the roadway, overturned, and struck a tree.

32.     That as a direct and proximate result of Defendant Hill's failure to follow the law, Plaintiffs were injured.

33.     That Defendant Hill's actions were the direct and proximate cause of Plaintiffs' injuries, in that Defendant was distracted/inattentive, failed to maintain a proper lookout, failed to exercise the highest degree of care, failed to stay on the highway, had an improper lane usage and failed to keep and maintain proper and prudent care and control of the vehicle.

34.     That as a direct and proximate result of Defendant Hill's actions and inactions Plaintiffs sustained bodily injury, underwent medical treatment, and incurred medical expenses.

5

35.     That as a direct and proximate result of Defendant Hill's actions and inactions Plaintiffs will require future medical treatment.

36.     That as a direct and proximate result of Defendant Hill's actions and inactions Plaintiffs experienced pain and suffering.

37.     That as a direct and proximate result of Defendant Hill's actions and inactions Plaintiffs suffered emotional damages.

38.     That as a direct and proximate result of Defendant Hill's actions and inactions Plaintiff Deborah Moses sustained a loss of wages, loss of earning capacity, and further economic damages.

39.     That as a direct and proximate result of Defendant Hill's actions and inactions Plaintiff suffered damages in excess of $25,000.00.

WHEREFORE, Plaintiffs pray for judgment against Defendant Hill in a sum to be found reasonable by a jury upon the trial of this case in excess of $25,000.00, together with their costs of this action and any additional relief as may seem to the court to be just in the premises. Plaintiffs demand a trial by jury of all counts and causes of action in this Petition.

## COUNT III: NEGLIGENT HIRING/RETENTION

40.     Plaintiff incorporates by reference the above paragraphs as if fully set forth herein.

41.     Defendant Jeffery Dean Pyrtle d.b.a. T & J Towing hired or retained Defendant Hill to perform tow truck services.

42.     Defendant Jeffery Dean Pyrtle d.b.a. T & J Towing knew or should have known Defendant Hill was driving the vehicle on September 21, 2019.

6

Electronically Filed - Jefferson - October 29, 2019 - 10:16 AM

43.     Defendant Jeffery Dean Pyrtle d.b.a. T & J Towing knew or should have known Defendant Michele Hill was not qualified for the work she was hired to perform.

44.     Defendant Jeffery Dean Pyrtle d.b.a. T & J Towing failed to properly qualify, train or supervise Defendant Michele Hill.

45.     That Defendant Jeffery Dean Pyrtle d.b.a. T & J Towing owed a duty to Plaintiffs to hire a tow truck operator who would perform this work in a safe manner.

46.     Defendant Jeffery Dean Pyrtle d.b.a. T & J Towing owed a duty to Plaintiffs to train and supervise his tow truck and tow truck operators to ensure they perform in a safe manner.

47.     That Defendant Jeffery Dean Pyrtle d.b.a. T & J Towing violated his duty by hiring or retaining Defendant Hill, whom he knew or should have known was not qualified or did not know how to perform this work in a safe manner and failing to train and supervise Defendant Hill.

48.     That Defendant Jeffery Dean Pyrtle d.b.a. T & J Towing violated his duty by allowing or failing to prevent Defendant Hill to drive his vehicle whom he knew or should have known was not qualified.

49.     That Defendant Jeffery Dean Pyrtle d.b.a. T & J Towing's negligence in hiring or retaining Defendant Michele Hill was the proximate cause of Plaintiffs' injuries.

50.     That as a direct and proximate result of Defendant Jeffery Dean Pyrtle d.b.a. T & J Towing's actions and inactions Plaintiffs sustained bodily injury, underwent medical treatment, and incurred medical expenses.

51.     That as a direct and proximate result of Defendant Jeffery Dean Pyrtle d.b.a. T & J Towing's actions and inactions Plaintiffs will require future medical treatment.

52.     That as a direct and proximate result of Defendant Jeffery Dean Pyrtle d.b.a. T & J Towing's actions and inactions Plaintiffs experienced pain and suffering.

53.     That as a direct and proximate result of Defendant Jeffery Dean Pyrtle d.b.a. T & J Towing's  actions and inactions Plaintiffs suffered emotional damages.

54.     That as a direct and proximate result of Defendant Jeffery Dean Pyrtle d.b.a. T & J Towing's actions and inactions Plaintiff Deborah Moses sustained a loss of wages, loss of earning capacity, and further economic damages.

55.     That as a direct and proximate result of Defendant Jeffery Dean Pyrtle d.b.a. T & J Towing's actions and inactions Plaintiff suffered damages in excess of $25,000.00.

WHEREFORE, Plaintiffs pray for judgment against Defendant Jeffery Dean Pyrtle d.b.a. T & J Towing's in a sum to be found reasonable by a jury upon the trial of this case in excess of $25,000.00, together with their costs of this action and any additional relief as may seem to the court to be just in the premises.  Plaintiffs demand a trial by jury of all counts and causes of action in this Petition.

## COUNT IV: RESPONDEAT SUPERIOR

56.     Plaintiff incorporates by reference the above paragraphs as though fully set forth herein.

57.     Defendant Jeffery Dean Pyrtle d.b.a. T & J Towing by and through its agent, Defendant Hill, did on September 21, 2019 wreck a tow truck which caused injury to the Plaintiffs.

58.     Defendant Michele Hill is employed by Defendant Jeffery Dean Pyrtle d.b.a. T & J Towing.

8

59.     A master-servant relationship exists between Michele Hill and Jeffery Dean Pyrtle d.b.a. T & J Towing.

60.     At all relevant times herein, Jeffery Dean Pyrtle d.b.a. T & J Towing had the right to direct the method by which its services were performed.

61.     In transporting Plaintiffs in her vehicle, Defendant Hall was engaged in the prosecution of the business of Defendant Jeffery Dean Pyrtle d.b.a. T & J Towing.

62.     Defendant Jeffery Dean Pyrtle d.b.a. T & J Towing had the right or power to control and direct the physical conduct of Defendant Hill in the performance of her work on or about September 21, 2019.

63.     That at all times material hereto, Defendant Hill was acting in the scope of her employment as a servant, employee or agent of Defendant Jeffery Dean Pyrtle d.b.a. T & J Towing.

64.     That Defendant Jeffery Dean Pyrtle d.b.a. T & J Towing is liable for the acts of its employee Defendant Hill by and through their relationship of respondeat superior.

WHEREFORE, Plaintiffs pray for judgment against Defendant Jeffery Dean Pyrtle d.b.a. T & J Towing wing in a sum to be found reasonable by a jury upon the trial of this case in excess of $25,000.00, together with their costs of this action and any additional relief as may seem to the court to be just in the premises.  Plaintiffs demand a trial by jury of all counts and causes of action in this Petition.

## COUNT V: NEGLIGENT ENTRUSTMENT

65.     Plaintiff incorporates by reference the above paragraphs as if fully set forth herein.

9

66.    Upon information and belief Defendant Hill is incompetent by reason of inexperience, licensure, and training.

67.    Defendant Jeffery Dean Pyrtle d.b.a. T & J Towing knew or should have known of Defendant Hill's aforementioned incompetence.

68.    Defendant Jeffery Dean Pyrtle d.b.a. T & J Towing entrusted his vehicle to Defendant Hill September 21, 2019.

69.    That Defendant Jeffery Dean Pyrtle d.b.a. T & J Towing's negligence was the proximate cause of Plaintiffs' injuries.

70.    That as a direct and proximate result of Defendant Jeffery Dean Pyrtle d.b.a. T & J Towing's actions and inactions Plaintiffs sustained bodily injury, underwent medical treatment, and incurred medical expenses.

71.    That as a direct and proximate result of Defendant Jeffery Dean Pyrtle d.b.a. T & J Towing's actions and inactions Plaintiffs will require future medical treatment.

72.    That as a direct and proximate result of Defendant Jeffery Dean Pyrtle d.b.a. T & J Towing's actions and inactions Plaintiffs experienced pain and suffering.

73.    That as a direct and proximate result of Defendant Jeffery Dean Pyrtle d.b.a. T & J Towing's  actions and inactions Plaintiffs suffered emotional damages.

74.    That as a direct and proximate result of Defendant Jeffery Dean Pyrtle d.b.a. T & J Towing's actions and inactions Plaintiff Deborah Moses sustained a loss of wages, loss of earning capacity, and further economic damages.

75.    That as a direct and proximate result of Defendant Jeffery Dean Pyrtle d.b.a. T & J Towing's actions and inactions Plaintiff suffered damages in excess of $25,000.00.

WHEREFORE, Plaintiffs pray for judgment against Defendant Jeffery Dean Pyrtle d.b.a. T & J Towing's in a sum to be found reasonable by a jury upon the trial of this case in excess of $25,000.00, together with their costs of this action and any additional relief as may seem to the court to be just in the premises. Plaintiffs demand a trial by jury of all counts and causes of action in this Petition.

Respectfully submitted,

GRAYSON & GRAYSON, LLC

By: /s/ Adam G. Grayson
Adam G. Grayson #61976
915 Southwest Blvd., Suite N
Jefferson City, MO 65109
Telephone:    573-635-0308
Facsimile:    573-635-0471
adam@graysonlegal.com

ATTORNEY FOR PLAINTIFFS

**JURY TRIAL DEMANDED**