IN THE CIRCUIT COURT OF JACKSON COUNTY – INDEPENDENCE
STATE OF MISSOURI

| | |
|---|---|
| In Re the Matter of: | ) |
| | ) |
| DEBORAH MOSES, | ) |
| Individually, and as Next Friend of | ) |
| MIRIAM MOSES, | ) |
| a Minor, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| T & J Enterprises, Inc., | ) |
| individually and DBA T & J Towing, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| T & J ENTERPRISES, INC. | ) |
| Registered Agent: Theresa Pyrtle | ) |
| 4027 Wilkinson Road | ) |
| De Soto, Missouri 63020 | ) |

**PETITION**

COMES NOW, Plaintiff, Deborah Moses, individually, and Minor Petitioner, Miriam Moses, by her Next Friend, Deborah Moses, by and through counsel, Adam G. Grayson of the Law Office of Grayson & Grayson, and hereby states as follows:

**FACTS COMMON TO ALL COUNTS**

1. At all times relevant herein, Deborah Moses was and is a resident of Crawford County, State of Missouri.

2. At all times relevant herein, Miriam Moses was and is a resident of Crawford County, State of Missouri.

3. At all times relevant herein, and upon information and belief, T&J Towing was and is a business operating at 606 Flucom Road, De Soto, Missouri.

4. At all-time relevant herein, and upon information and belief, T & J Enterprises, Inc., is a business incorporated in Missouri and registered with the Missouri Secretary of State, in good standing, with its principal place of business in Jefferson County, Missouri.

5. At all times relevant herein, and upon information and belief T & J Enterprises, Inc. owns and operates T & J Towing, and was doing business as T & J Towing.

6. At all times relevant herein, and upon information and belief, Michele Hill was and is a driver performing such services in the State of Missouri, and was and is an employee/agent of T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing).

7. On or about September 21, 2019, the Missouri Highway Patrol requested Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) to respond to a two vehicle wreck requiring a tow to remove the vehicles from MO-21.

8. A two-vehicle wreck requires two tow trucks to perform the required task of removing both vehicles from MO-21.

9. Upon information and belief, the Missouri Highway Patrol call was answered by Jeff Pyrtle, a shareholder in T & J Enterprises, Inc.

10. Upon information and belief, Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) left their tow trucks parked around town including at Michele Hill's house with the keys in the vehicle.

11. Michele Hill and Earl Hill operated Defendant T & J Enterprises, Inc.'s (individually and/or d.b.a. T & J Towing) two tow trucks to answer the vehicle wreck call on MO-21.

12. That at all times material hereto, MO-21 was and is an open and public road in Jefferson County, State of Missouri.

13. The vehicle Michele Hill was operating at the time of the wreck on September 21, 2019, was owned and/or leased by T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing). The vehicle contained logos with the name T & J Towing.

14. Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) authorized/delegated Michele Hill directly and/or through their agent/employee to drive the vehicle.

15. Michele Hill had actual and/or apparent authority from Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) to operate their vehicle.

16. Upon information and belief Michele Hill was and believed she was an employee of T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing).

17. Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) knew or should have known Michele Hill was driving the vehicle on September 21, 2019.

18. That Plaintiffs were passengers in the motor vehicle owned and operated by Defendant.

19. The vehicle owned/leased by Defendant, and being driven by Michele Hill on September 21, 2019, went off the road and rolled repeatedly until it slammed into a tree, pinning the Plaintiffs.

20. Michele Hill, while acting in her role as an agent/employee and/or with the Defendant's authority, failed to maintain proper and prudent control of her vehicle, failed to keep her eyes on the road, failed to operate the vehicle in a careful and prudent manner, failed to exercise the highest degree of care, failed to stay on the highway, and had an improper lane usage.

21. Michele Hill, while acting in her role as an agent/employee and/or with the Defendant's authority, failed to obey the traffic laws of the State of Missouri in violation of Sections 302.700-302.780, 304.012, and 304.015, RSMo.

22. Michele Hill, while acting in her role as an agent/employee and/or with the Defendant's authority, failed to comply with Missouri laws, including those regulating commercial vehicles, commercial driver's license, and federal motor carrier safety regulations.

23. This is a civil action filed under Missouri state law seeking damages against Defendants for acts that occurred in the State of Missouri that caused injury to Plaintiffs.

24. Venue is proper in this Court pursuant to Section 508.010, RSMo, by agreement of the parties.

## COUNT I: NEGLIGENCE

25. Plaintiff incorporates by reference the above paragraphs as if fully set forth herein.

26. Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) through its agents and employees owned, managed, and utilized dangerous equipment at all times relevant herein in order to make a profit.

27. Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) entrusted its agents and employees with utilizing the equipment.

28. Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) knew or should have known that calls involving more than one disabled vehicle would require more than one piece of equipment.

29. Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) had a duty to ensure their equipment was used in a safe manner.

30. Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) had a duty to store equipment and keys in a secure location.

31. Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) had a duty to keep equipment and keys in a location where they could not be easily accessed.

32. Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) had a duty to ensure only permissive users had access to equipment and keys.

33. Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) had a duty to ensure they had sufficient employees/agents to cover situations with more than one disabled vehicle.

34. Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) had a duty to ensure only employees, agents, and/or permissive users operated equipment.

35. Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) had a duty provide adequate training and education to their employees and agents.

36. Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) had a duty to sufficiently monitor equipment and keys.

37. Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) had a duty to implement policies rules and regulations for its employees and agents.

38. Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) failed to ensure their equipment was used in a safe manner.

39. Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) failed to store equipment and keys in a secure location.

40. Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) failed by leaving equipment and keys in a location where they could be easily accessed.

41. Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) failed by not ensuring only permissive users had access to equipment and keys.

42. Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) failed to have sufficient employees/agents to cover situations with more than one disabled vehicle.

43. Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) failed by not ensuring only employees, agents, and/or permissive users operated equipment.

44. Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) failed to provide adequate training and education to their employees and agents.

45. Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) failed by not sufficiently monitoring equipment and keys.

46. Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) failed to implement policies, rules, and regulations for its employees and agents.

47. A reasonably prudent employer/owner/ manager under the same or similar circumstances would have implemented and carried out the aforementioned duties.

48. Without policies, rules and regulations, the employees and agents Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) are left to their own devices in determining how to perform their jobs.

49. Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) knew or should have known that when their agent/employee was sent to a site with multiple vehicles, the agent/employee would need to take another driver with them.

50. That as a direct and proximate result of Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing)'s actions and inactions, Plaintiffs sustained bodily injury, underwent medical treatment, and incurred medical expenses.

Electronically Filed - Jackson - Independence - April 04, 2022 - 04:10 PM

51. That as a direct and proximate result of Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing)'s actions and inactions Plaintiffs will require future medical treatment.

52. That as a direct and proximate result of Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing)'s actions and inactions, Plaintiffs experienced pain and suffering.

53. That as a direct and proximate result of Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing)'s actions and inactions Plaintiffs suffered emotional damages.

54. That as a direct and proximate result of Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing)'s actions and inactions Plaintiff Deborah Moses sustained a loss of wages, loss of earning capacity, and further economic damages.

55. That as a direct and proximate result of Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing)'s actions and inactions Plaintiffs suffered damages in excess of $25,000.00.

WHEREFORE, Plaintiffs pray for judgment against Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) in a sum to be found reasonable by a jury upon the trial of this case in excess of $25,000.00, together with the costs of this action and any additional relief as may seem to the court to be just in the premises. Plaintiffs demand a trial by jury of all counts and causes of action in this Petition.

### COUNT II: NEGLIGENT HIRING/RETENTION

56. Plaintiff incorporates by reference the above paragraphs as if fully set forth herein.

57. Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) hired or retained Michele Hill to perform tow truck services.

58. Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) knew or should have known Michele Hill was driving the vehicle on September 21, 2019.

59. Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) knew or should have known Michele Hill was not qualified for the work she was hired to perform.

60. Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) failed to properly qualify, train, or supervise Michele Hill.

61. Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) owed a duty to Plaintiffs to hire a tow truck operator who would perform this work in a safe manner.

62. Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) owed a duty to Plaintiffs to train and supervise the tow truck and tow truck operators to ensure they performed in a safe manner.

63. Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) violated their duty by hiring or retaining Michele Hill, whom they knew or should have known was not qualified or did not know how to perform this work in a safe manner, and failing to properly train and supervise Michele Hill.

64. Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) violated their duty by allowing or failing to prevent Michele Hill, whom they knew or should have known was not qualified, to drive the vehicle.

65. Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing)'s negligence in hiring or retaining Michele Hill was the proximate cause of Plaintiffs' injuries.

66. That as a direct and proximate result of Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) s actions and inactions, Plaintiffs sustained bodily injury, underwent medical treatment, and incurred medical expenses.

67. That as a direct and proximate result of Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing)'s actions and inactions, Plaintiffs will require future medical treatment.

68. That as a direct and proximate result of Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing)'s actions and inactions, Plaintiffs experienced pain and suffering.

69. That as a direct and proximate result of Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing)'s actions and inactions, Plaintiffs suffered emotional damages.

70. That as a direct and proximate result of Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing)'s actions and inactions, Plaintiff Deborah Moses sustained a loss of wages, loss of earning capacity, and further economic damages.

71. That as a direct and proximate result of Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing)'s actions and inactions Plaintiffs suffered damages in excess of $25,000.00.

WHEREFORE, Plaintiffs pray for judgment against Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) in a sum to be found reasonable by a jury upon the trial of this case in excess of $25,000.00, together with their costs of this action and any additional relief as may seem to the court to be just in the premises. Plaintiffs demand a trial by jury of all counts and causes of action in this Petition.

## COUNT III: RESPONDEAT SUPERIOR

72. Plaintiff incorporates by reference the above paragraphs as though fully set forth herein.

73. Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) through actual/apparent authority and/or by and through their agent/employee or themselves authorized Michele Hill to operate a tow truck on September 21, 2019.

74. Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) by and through their agent, Defendant Hill, did on September 21, 2019, wreck a tow truck that caused injury to the Plaintiffs.

75. Michele Hill is employed by and/or acting as an agent of Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing).

76. A master-servant relationship exists between Michele Hill and Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing).

77. At all relevant times herein, Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) had the right to direct the method by which their services were performed.

78. In transporting Plaintiffs in her vehicle, Michele Hill was engaged in the prosecution of the business of Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing).

79. Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) had the right or power to control and direct the physical conduct of Defendant Hill in the performance of her work on or about September 21, 2019.

Electronically Filed - Jackson - Independence - April 04, 2022 - 04:10 PM

80. That at all times material hereto, Michele Hill was acting in the scope of her employment as a servant, employee, or agent of Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing).

81. That Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) are liable for the acts of their employee/agent Defendant Hill by and through their relationship of respondeat superior.

WHEREFORE, Plaintiffs pray for judgment against Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) in a sum to be found reasonable by a jury upon the trial of this case in excess of $25,000.00, together with their costs of this action and any additional relief as may seem to the court to be just in the premises. Plaintiffs demand a trial by jury of all counts and causes of action in this Petition.

## COUNT IV: NEGLIGENT ENTRUSTMENT

82. Plaintiff incorporates by reference the above paragraphs as if fully set forth herein.

83. Upon information and belief, Michele Hill is incompetent by reason of inexperience, licensure, and training.

84. Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) knew or should have known of Michele Hill's aforementioned incompetence.

85. Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) entrusted their vehicle to Michele Hill on September 21, 2019.

86. Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing)'s negligence was the proximate cause of Plaintiffs' injuries.

87. That as a direct and proximate result of Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing)'s actions and inactions, Plaintiffs sustained bodily injury, underwent medical treatment, and incurred medical expenses.

88. That as a direct and proximate result of Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing)'s actions and inactions, Plaintiffs will require future medical treatment.

89. That as a direct and proximate result of Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing)'s actions and inactions, Plaintiffs experienced pain and suffering.

90. That as a direct and proximate result of Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing)'s actions and inactions, Plaintiffs suffered emotional damages.

91. That as a direct and proximate result of Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing)'s actions and inactions, Plaintiff Deborah Moses sustained a loss of wages, loss of earning capacity, and further economic damages.

92. That as a direct and proximate result of Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing)'s actions and inactions, Plaintiffs suffered damages in excess of $25,000.00.

WHEREFORE, Plaintiffs pray for judgment against Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing) in a sum to be found reasonable by a jury upon the trial of this case in excess of $25,000.00, together with their costs of this action and any additional relief as may seem to the court to be just in the premises. Plaintiffs demand a trial by jury of all counts and causes of action in this Petition.

Electronically Filed - Jackson - Independence - April 04, 2022 - 04:10 PM

Respectfully submitted,

GRAYSON & GRAYSON, LLC

By:    */s/ Adam G. Grayson*
Adam G. Grayson #61976
915 Southwest Blvd., Suite N
Jefferson City, MO 65109
Telephone: 573-635-0308
Facsimile: 573-635-0471
adam@graysonlegal.com

ATTORNEY FOR PLAINTIFFS

**JURY TRIAL DEMANDED**

Electronically Filed - Jackson - Independence - April 04, 2022 - 04:10 PM