IN THE CIRCUIT COURT OF COLE COUNTY, MISSOURI
STATE OF MISSOURI

| | |
|---|---|
| DEBORAH MOSES, Individually and as Next Friend of MIRIAM MOSES, a Minor, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No.: _____ |
| AMGUARD INSURANCE COMPANY, | ) ) ) |
| and | ) ) |
| T&J ENTERPRISES, INC., Individually and DBA T & J Towing | ) ) ) |
| Defendants. | ) |

## PETITION

Come now Plaintiffs, Deborah Moses, Individually and as Next Friend of Miriam Moses, a Minor, and for their cause of action against Defendants Amguard Insurance Company (Amguard) and T&J Enterprises, Inc, state to the court as follows:

### PARTIES

1. Plaintiffs Deborah Moses and Miriam Moses, are individuals who reside in Crawford County, State of Missouri. (hereinafter also referred to as "Plaintiffs").

2. Deborah Moses is the Natural Mother of Miriam Moses, a minor. At all times throughout the litigation described below, Deborah Moses has acted in the capacity as Next Friend for Miriam Moses.

3. Defendant T&J Enterprises, Inc., (hereinafter also referred to as "T&J") is a Missouri Corporation registered with the Missouri Secretary of State, in good standing, operating at 606 Flucom Road, De Soto, Jefferson County, Missouri .

1

**EXHIBIT 5**

4. Defendant T&J Enterprises, Inc. owns and operates T&J Towing and was doing business as T&J Towing.

5. Defendant Amguard Insurance Company (hereinafter also referred to as "Amguard") is a foreign insurance company authorized to do business, and which is and was doing business in the State of Missouri, that may be served by delivering a copy of the summons and this petition to the Director of the Missouri Department of Insurance, 301 West High Street, Room 530, Jefferson City, Missouri 651010.

6. All the actions, inactions, facts and matters attributed in this petition to Amguard were done by its duly authorized agents or employees acting within the scope and course of their agency and/or their employment.

## JURISDICTION AND VENUE

7. Venue for this cause of action is appropriate in Cole County, Missouri, pursuant to RSMo. 508.010 and RSMo. 375.1800.

8. This court has jurisdiction pursuant to Article V, Section 14 of the Missouri Constitution. Further, specific jurisdiction is proper in this Court pursuant to RSMo. 508.010 and RSMo. 375.1800.

## EQUITABLE GARNISHEMNT (RSMo. 379.200)

9. Defendant Amguard Insurance Company issued a policy of insurance to T&J Enterprises, Inc., Policy number K2GP005636 (hereinafter "The Policy"), which such policy was in full force and effect on September 21, 2019, and at all other times relevant.

10. The Policy provided T&J with the following types of insurance coverage among others: Commercial Automobile Coverage and Commercial General Liability Coverage.

11. In exchange for Amguard's insurance, T&J was charged and paid a premium.

12. Pursuant to The Policy, under Commercial Auto Coverage ( hereinafter "CAC"), Amguard agreed to pay "…all sums …because of 'bodily injury' or 'property damage' …caused by an 'accident'". *(Section II (A))*, which by law includes claims for negligence, including the claims of negligence against T&J asserted by Deborah Moses and Miriam Moses. In the policy, Amguard promised to defend T&J against such claims, and to pay the limits of liability in settlement in good faith, and/or in judgment. Further, Amguard reserved to itself the right to settle all claims. The policy provided One Million Dollars ($1,000,000.00) Each Occurrence for this Liability Insurance Coverage, and further provided for other insurance benefits under the contract, including but not limited to all judgment interest, medical payments, payment of counsel and for other costs of defense. Please see <u>Exhibit 1</u>, policy of Insurance.

13. Pursuant to The Policy, under Commercial General Liability (hereinafter "CGL"), Amguard agreed to pay those sums… because of 'bodily injury' or 'property damage' …caused by an 'accident'". *(Section I(1))*. , which by law includes claims for negligence, including the claims of negligence against T&J asserted by Deborah Moses and Miriam Moses. In the policy, Amguard promised to defend T&J against such claims, and to pay the limits of liability in settlement in good faith, and/or in judgment. Further, Amguard reserved to itself the right to settle all claims. The policy provided One Million Dollars ($1,000,000.00) Each Occurrence and Two Million Dollars ($2,000,000.00) Aggreate for this Liability Insurance Coverage, and further provided for other insurance benefits under the contract, including but not limited to all judgment interest, medical payments, payment of counsel and for other costs of defense. Please see <u>Exhibit 1</u>, policy of Insurance.

Electronically Filed - Cole Circuit - February 13, 2023 - 11:37 AM

14. On September 21, 2019, the Missouri Highway Patrol requested T&J to respond to a two-vehicle wreck requiring a tow to remove the vehicles from Missouri Highway 21, in Jefferson County, Missouri. Deborah Moses and Miriam Moses were involved in a minor automobile collision with another vehicle wherein no one was injured in the collision.

15. Two T&J tow trucks responded to the scene to work the wreck. After the vehicles were loaded onto the tow trucks, the Moses were instructed by the Missouri State Highway Patrol to ride back to town in one of T&J's trucks.

16. The driver, Michele Hill, of the T&J tow truck became distracted, lost control of the vehicle and veered off the roadway causing the truck to roll down a steep embankment.

17. Deborah Moses and Miriam Moses sustained severe and permanent injuries as a result of the wreck.

18. The T&J tow truck involved in the wreck meets The Policy (CAC)'s, definition of "auto" and was identified as a covered vehicle.

19. The Policy (CAC) defines "Insureds" to include T&J and 'anyone else while using with your permission a covered 'auto' you own, hire or borrow…" *(Section II(A)(1))*.

20. Michele Hill meets The Policy (CAC)'s definition of "Insured" as she was an agent/employee of T&J and she was using the covered auto with T&J's permission. *(Section II(A)(1))*.

21. The Policy (CAC) covers the damages and losses sustained by Deborah Moses and Miriam Moses.

22. The wreck took place in the coverage territory as defined by The Policy (CGL)'s definition.

23. The wreck took place during the policy period as defined by The Policy (CGL)'s

definition.

24. Among other things, the bodily injuries sustained by Deborah Moses and Miriam Moses resulted from T&J's negligence in storing their vehicles and equipment; negligence in properly securing and fencing their vehicles; negligence in properly securing keys; negligence in properly supervising employees; and negligence in properly making drivers available.

25. The Policy (CGL) covers the damage and losses sustained by Deborah Moses and Miriam Moses.

26. Amguard Insurance Company received notice of the claim but denied coverage and refused to provide a defense or to settle the claim when given the opportunity to do so for far less than the value of the claim. Despite being given multiple opportunities to reconsider this flat rejection and denial of coverage, Amguard refused to do so throughout the life of the claim, eventually suing its insured and Deborah and Miriam Moses to try and avoid its coverage obligations.

27. Amguard was given multiple opportunities to fulfill its obligations under the contract of insurance, and defend its insured, and/or settle the claim, all of which Amguard refused to do. Some of the opportunities Amguard was given to comply with the policy of insurance and provide a defense and/or indemnity and/or settle the case include, but are not limited to:

A. On November 15, 2019, North American Risk Services, (hereinafter "NARS"), the company hired by Amguard to investigate and determine Amguard's exposure in this accident, sent correspondence to T&J advising them that NARS has "been instructed to have all evidence related to the subject accident (sic) please act accordingly."

B. On January 31, 2020, the law firm of Evans and Dixon, LLC – the law firm hired

by Amguard to represent T&J, sent correspondence to NARS advising them that "liability appears to be weighted against the insured."

C. On February 20, 2020, Deborah and Miriam Moses, through counsel, issued a policy limits demand to Amguard.

D. On March 27, 2020, Roberts Wooten and Zimmer, the private counsel for T&J Enterprises, Inc., sent correspondence to NARS, requesting that Amguard make a settlement offer within policy limits.

E. On March 30, 2020, NARS, the company hired by Amguard to investigate to determine Amguard's exposure, issued a report stating that Michelle Hill was an insured driver, the loss falls within the policy period, and within the policy territory. NARS investigation further found that the "[d]river of the insured vehicle, Michelle Hill, was found to be 100% at fault for this loss for failure to maintain control. As such, NARS recommended resolving the two injury claims within policy limits.

G. On March 30, 2020, Evans and Dixon, LLC, the private counsel hired by Amguard for T&J, issued a letter to NARS, the company hired by Amguard to investigate and determine Amguard's exposure in this matter, stating that "liability is heavily weighted against your insured in this matter" and that "we believe that this is a clear liability case against your insured." In the letter Evans and Dixon, LLC discusses Amguard's insured's concerns about exposure for his personal assets. As such Evan and Dixon, LLC recommended that Amguards insured make a demand that (Amguard) "pay the $1 Million policy limits in exchange for a full and final release of any and all claims of both Plaintiffs, arising from the September 21, 2019 accident. Additionally, T&J's personal attorney made a recommendation that if the case can be settled in full within the policy limits, he is making demand on behalf of his client that the case

should be settled.

The specific language is as follows: "that you hereby consider this correspondence that timely demand be made upon Guard Insurance, KBK Insurance Group, Inc. and any or all other possible carriers that may have liability coverage for this loss that are within your control to pay the $1 Million policy limits in exchange for a full and final release of all claims of both Plaintiffs…"

H. On December 15, 2020, Evan and Dixon, LLC the counsel hired by Amguard for T&J, sent a letter to NARS, again advising Amguard that liability is heavily weighted against the driver of the tow truck. For the second time, Evans and Dixon, LLC advised Amguard "that you hereby consider this correspondence that timely demand be made upon Guard Insurance, KBK Insurance Group, Inc. and any or all other possible carriers that may have liability coverage for this loss that are within your control to pay the $1 Million policy limits in exchange for a full and final release of all claims of both Plaintiffs…"

I. Again, on January 11, 2021, Robert Wooten and Zimmer, private counsel for T&J made a demand on Amguard to resolve this matter within the policy limits of the insurance policy.

Amguard was therefore given multiple opportunities to defend and/or indemnify its insured, and/or settle the suit for significantly less than the value of the claim but refused to do so at every opportunity. Amguard knew and or should have known that the injuries to Deborah Moses and Miriam Moses were significant, that its insured was clearly liable for these injuries, that the claims for negligence were covered claims under the policy, and that pursuant to the duties it owed its insured, if it had any opportunity to resolve the claim within the policy limits, it must do so and protect its insured.

Electronically Filed - Cole Circuit - February 13, 2023 - 11:37 AM

28. Despite all the above, the clear fact that only negligence claims were asserted, and that these claims were covered, Amguard failed to settle and/or refused to pay the claim and denied coverage no matter what evidence or information it was provided, refusing to defend or indemnify its insured, T&J Enterprises, Inc.

29. Plaintiffs brought suit against T&J Enterprises, Inc., individually and DBA T&J Towing and T&J Enterprises, Inc., for personal injuries in a petition filed in the Circuit Court of Jackson County, at Independence, Missouri, Cause no. 2016-CV07062. Such claims were and are covered under the policy of insurance issued by Amguard Insurance Company.

30. With Amguard refusing to provide a defense and indemnify, T&J, was forced to trial without defense counsel paid for by Amguard as promised in the policy of insurance, and without significant other benefits of defense promised in the policy.

31. On the 18th day of July, 2022 the case was called for trial before the honorable Cory Lee Atkins, Judge of the Circuit Court of Jackson County at Independence, Division number 17. The Parties appeared, announced ready for trial, and proceeded to trial. The Court heard argument and evidence and took the matter under advisement at the conclusion of the trial.

32. After careful consideration of the evidence, argument, and law, over a month later, on September 27, 2022, the Court entered its Findings of Fact, and Conclusions of Law, and thereafter entered its Judgment in the matter. Specifically, the Court found that Deborah Moses and Miriam Moses was injured through the negligence of defendant's employees, that the injury to Deborah and Miriam Moses was caused by negligence and not any intentional actions which would negate the elements of the claim for negligence, and that defendant T&J Enterprises, Inc., was 100% at fault for this accidental injury to Deborah and Miriam Moses. Please see Exhibit 2, Judgment of October 2, 2017. The Court made further specific findings of

fact as to evidence, liability and damages. Please see Exhibit 2, Judgment.

33. The Court further found Michele Hill was acting as an agent/employee for T&J at the time of Moses' injuries.

34. The Court found the damages of Deborah Moses from this injury to total Seventeen Million Ninety-Nine Thousand, Eight Hundred Fifty-Two Dollars ($17,099,852.00) and Miriam Moses' damages to total One Million, Five Hundred Two Thousand, One Hundred Seventy Two Dollars and Eighty Eight Cents ($1,502,172.88). The Court thereafter entered judgment in the above amounts for Deborah Moses and Miriam Moses, and against T&J Enterprises, Inc., individually and DBA T&J Towing, with interest of 7% per annum from that date forward. Please see Exhibit 2, page 15 and 16.

35. Amguard Insurance Company is bound by and/or collaterally estopped to contest any aspect of the judgment and each and every finding or conclusion of the Court set forth therein, as Amguard had an obligation and the opportunity to defend T&J Enterprises Inc., in the underlying proceeding and had a full and fair opportunity to litigate the underlying issues, but chose not to, and was further in privity with T&J Enterprises, Inc., and the underlying proceeding resulted in a judgment against the insured which is binding, final, and non-contestable. Further, such judgment was a direct and foreseeable result of Amguard's failure to protect its insured, failure to defend its insured, failure to settle the case when given the opportunity and/or its other failures to comply with its duties and obligations under the contract of insurance.

36. Following the entry of judgment, Amguard was obligated to pay the full verdict which had been rendered against its insured due to its conduct, including interest, and at a minimum to pay the limits of liability along with any other policy benefits such as post judgment

interest. However, after entry of the judgment, Amguard has failed to pay any amount of its owed and due policy limits or other benefits, including owed liability limits, post judgment interest, costs, and or other policy monies.

37. Pursuant to Missouri Revised Statute § 379.200, AmGuard Insurance Company is a necessary and proper party to this equitable garnishment action.

38. The September 27, 2022 Judgment obtained by Plaintiffs against T&J Enterprises, Inc., in the sums of Seventeen Million Ninety-Nine Thousand, Eight Hundred Fifty Two Dollars ($17,099,852.00) for Deborah Moses and One Million, Five Hundred Two Thousand, One Hundred Seventy Two Dollars and Eighty Eight Cents ($1,502,172.88) for Miriam Moses accrue interest from September 27, 2022 at a rate of 7% per annum. This judgment is final, and binding. Such judgment was and is a covered claim under the policy of insurance issued by Amguard Insurance Company.

39. Amguard Insurance Company has failed and/or refused to tender the owed and due amounts, and/or satisfy the underlying portion of the judgment insured as set forth above, including liability limits, and other supplemental payments provided for in the policy and/or required by law, including post judgment interest and court costs.

40. All of the aforesaid claims and/or judgment were and are covered under the policy issued to T&J Enterprises, Inc. Despite having coverage for these losses, Amguard has not satisfied the judgment nor tendered its coverages under the applicable policy toward the judgment amount. More than thirty (30) days have elapsed since the judgment was entered, with Amguard not having paid the sums due in accordance with its policy of insurance, but instead continuing to refuse to pay any amount.

41. Amguard is aware of the Judgment entered against T&J Enterprises Inc.

42. Pursuant to R.S. Mo. § 379.200, plaintiff as a judgment creditor is entitled to proceed against Amguard Insurance Company for payment of these covered claims and expenses, which were insured under the policy of insurance issued by Amguard to the insured defendant T&J Enterprises, Inc., together with all interest, costs and other consequential damages provided for under the policy as insurance monies. Further, pursuant to R.S. Mo. § 379.200, the insured, T&J, is a is a necessary and mandatory defendant to this action.

43. Pursuant to R.S. Mo. Section 379.200, the full liability coverage and/or the statutory interest from entry of judgment, along with any other covered benefit under the policy such as court costs, or otherwise, represent insurance money that is (a) available under the insurance policy that provides coverage to T&J Enterprises, Inc., and (b) is due and owing to plaintiffs Deborah Moses and Miriam Moses pursuant to this Judgment against T&J Enterprises, Inc.

44. The decision of the Circuit Court of Jackson County, in the judgment attached as Exhibit 2 is final, and fully binding. Under the principles of collateral estoppel, Amguard is bound by all of the Court's findings and rulings, and Amguard may not contest any such finding or ruling, as more fully set forth in *Schmitz v. Great American Assur. Co.*, 337 S.W.3d 700, 709 (Mo. Banc 2011); *Assurance Co. Of America v. Secura Ins. Co.*, 384 S.W.3d 224 (Mo. App. E.D. 2012); *Columbia Casualty Co. v. HIAR Holdings, LLC*, 411 S.W.3d 258 (Mo. Banc 2013); and *Allen v. Bryers*, 512 S.W.3d 17 (Mo. Banc 2017). More specifically, Amguard is estopped to contest the amount of the underlying judgment entered by the Court. *Id.* Further, having had the opportunity to defend, and having chosen not to defend, Amguard is fully bound by, and estopped to contest, any fact specifically, or necessarily required to have been found by the Court in its entry of judgment. This includes Michele Hill being an agent/employee of T&J. As such,

11

Case 4:23-cv-00534-FJG   Document 1-6   Filed 07/27/23   Page 11 of 13

as the matters are the same, and the underlying case was on the merits, and Amguard had a chance to defend and chose not to, and the matter was decided by the Court after the presentation of evidence at trial, the doctrine of collateral estoppel precludes re-litigation of (a) the amount of the judgment, and (b) any finding by the Court either explicit or implicit in the judgment.

45. The judgment of the Court and all findings contained therein are conclusive on and establish coverage as a matter of law for the claims of Plaintiffs. As such, the insurance monies set forth in the policy are due, owing, and are over 30 days or more late which entitles plaintiffs to a judgment as a matter of law on their equitable garnishment action for all such policy benefits due and owing, including but not limited to the coverage limits of liability, post judgment interest, and any other such coverage benefit.

WHEREFORE, plaintiffs pray judgment against Amguard Insurance Company in such sum as would fairly and reasonably compensate them for the policy limits of coverage, such interest as due and owing under the policy as set forth above, for costs expended herein; pre-judgment interest and post-judgment interest on all sums awarded; for all other insurance benefits due and owing under the policy, and for such other relief as the Court deems appropriate under the circumstances.

**REQUEST FOR TRIAL BY JURY**

Plaintiffs hereby requests a trial by jury.

Respectfully submitted,

GRAYSON & GRAYSON, LLC

By: /s/ *Adam G. Grayson*
Adam G. Grayson #61976
S. Matthew Grayson # 57724
915 Southwest Blvd., Suite N
Jefferson City, MO 65109
Telephone: 573-635-0308
Facsimile: 573-635-0471
adam@graysonlegal.com
matt@graysonlegal.com

ATTORNEY FOR PLAINTIFFS

13